ANNA Y. PARK, CA SBN 164242
SUE NOH, CA SBN 192134
RUMDUOL VUONG, CA SBN 264392
JENNIFER L. BOULTON CA SBN 259076
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
LOS ANGELES DISTRICT OFFICE
255 East Temple Street, Fourth Floor
Los Angeles, California 90012
Telephone:  213 -894 -1083
Facsimile:   213 - 894 -1301
E-mail:      lado.legal@eeoc.gov
             anna.park@eeoc.gov

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>LOWE'S COMPANIES, INC., LOWE'S HOME CENTERS, LLC.,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT—ADA**<br>• **Disability Discrimination (Discharge)**<br>• **Denial of Reasonable Accommodation**<br><br>**JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

This is an action under the Americans with Disabilities Act of 1990 ("ADA"), as amended by the ADA Amendment Act ("ADAAA") of 2008, to correct unlawful employment practices on the basis of disability and to provide

appropriate relief to Leslie Tanimoto, Gary White, David Shaw (hereafter "Charging Parties"), and other individuals who were adversely affected by such practices. Plaintiff United States Equal Employment Opportunity Commission ("Plaintiff" or "Commission") alleges that Defendants Lowe's Companies Inc. and Lowe's Home Centers, LLC. (collectively "Defendants" or "Lowe's") unlawfully discriminating against a class of individuals due to their actual or perceived disability. Plaintiff further alleges Defendant discriminated against a class of individuals who were associated with those with disabilities.

## JURISDICTION AND VENUE

1.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA and Section102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, 42 U.S.C. §12117(a) (incorporating Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-5(f)(1) and (3)).

2.    The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Central District of California.

## PARTIES

3.    Plaintiff, the Equal Employment Opportunity Commission (the "Commission") is an agency of the United States of America, charged with the administration, interpretation and enforcement of the ADA, and is expressly authorized to bring this action by Section 107(a) of the ADA.

4.    At all relevant times, Defendants Lowe's Companies Inc. and its subsidiary Lowe's Home Centers, LLC (successor in interest to Lowe's Home Centers Inc. and Lowe's HIW, Inc.) have continuously been doing business within the jurisdiction of the United States District Court for the Central District of California, the state of California, and locations throughout the United States, and

1    have continuously had at least 15 employees.

2         5.    At all relevant times, Defendants Lowe's Companies Inc. and its

3    subsidiary Lowe's Home Centers, LLC (successor in interest to Lowe's Home

4    Centers Inc. and Lowe's HIW, Inc.) were employers engaged in an industry

5    affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(7),

6    which incorporates by reference Sections701 (g) and (h) of Title VII, 42 U.S.C. §§

7    2000e(g) and (h).

8         6.    All of the acts and failures to act alleged herein were duly performed

9    by and attributable to all Defendants, each acting as a successor, agent, alter ego,

10   employee, indirect employer, joint employer, integrated enterprise and/or or under

11   the direction and control of the others, except as specifically alleged otherwise.

12   Said acts and failures to act were within the scope of such agency and/or

13   employment, and each Defendant participated in, approved and/or ratified the

14   unlawful acts and omissions by the other Defendants complained of herein.

15   Whenever and wherever reference is made in this Complaint to any act by a

16   Defendant, such allegations and reference shall also be deemed to mean the acts

17   and failures to act of each Defendant acting individually, jointly, and/or severally.

18                                  **STATEMENT OF CLAIMS**

19        7.    More than thirty days prior to the institution of this lawsuit, the

20   Charging Parties filed charges of discrimination with Plaintiff alleging violations

21   of ADA by Defendants.

22        8.    Prior to instituting this lawsuit, Plaintiff attempted to eliminate the

23   unlawful employment practices alleged herein and to effect voluntary compliance

24   with the ADA through informal methods of conciliation, conference, and

25   persuasion within the meaning of Section 706(b) of Title VII, 42 U.S.C. Section

26   2000e-5(b).

27        9.    All conditions precedent to the institution of this lawsuit have been

28   fulfilled.

10.    Since at least 2000, Defendants have engaged in unlawful employment practices in violations of Section 102 (a) and (b) of ADA, 42 U.S.C. § 12112 (a) and (b).  Specifically, Defendants unlawfully discharged the Charging Parties and other similarly situated employees because of their actual or perceived disabilities.  Further, Defendant unlawfully discharged a class of employees for their association with individuals with disabilities.

11.    As a result the Charging Parties and similarly aggrieved individuals suffered emotional distress.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.    Grant a permanent injunction enjoining Defendants, their officers, successors, assigns, and all persons in active concert or participation with each of them, from engaging in any employment practices which discriminate on the basis of disability.

B.    Order Defendants to institute and carry out policies, practices, and programs to ensure that they would not engage in unlawful employment practices in violation of § 102(a) and (b), 42 U.S.C. § 12112(a) and (b).

C.    Order Defendants to make whole Charging Parties and similarly aggrieved individuals by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to rightful place reinstatement or front pay.

D.    Order Defendants to make whole Charging Parties and similarly aggrieved individuals whole by providing compensation for past and future pecuniary losses, including but not limited to out-of-pocket expenses suffered by him which resulted from the unlawful employment practices described above in the amounts to be determined at trial.

1      E.     Order Defendants to make whole Charging Parties and similarly

2  aggrieved individuals whole by providing compensation for non-pecuniary losses

3  resulting from the unlawful employment practices described above in amounts to

4  be determined at trial.  The non-pecuniary losses include emotional pain,

5  suffering, inconvenience, mental anguish, humiliation and loss of enjoyment of

6  life, in amounts to be determined at trial.

7      F.     Award the Commission its costs of this action.

8      G.    Grant such further relief as the Court deems necessary and proper in

9  the public interest.

10                      **JURY TRIAL DEMAND**

11      The Commission requests a jury trial on all questions of fact raised by its

12  Complaint.

13

14  Dated: May 3, 2016          Respectfully Submitted

15

16                        P. DAVID LOPEZ,
                           General Counsel

17                        JAMES LEE,
                           Deputy General Counsel

18                        GWENDOLYN YOUNG REAMS,

19                        Associate General Counsel

20                        U.S. EQUAL EMPLOYMENT

21                        OPPORTUNITY COMMISSION

22                        131 "M" Street, N.E.
                           Washington, D.C.  20507

23

24            By:   _____

25                        ANNA Y. PARK,
                        Regional Attorney

26

27                        U.S. EQUAL EMPLOYMENT
                        OPPORTUNITY COMMISSION

28