JS-6

ANNA Y. PARK, CA SBN 164242
SUE NOH, CA SBN 192134
RUMDUOL VUONG, CA SBN 264392
JENNIFER L. BOULTON CA SBN 259076
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
LOS ANGELES DISTRICT OFFICE
255 East Temple Street, Fourth Floor
Los Angeles, California 90012
Telephone:  213 •894 • 1083
Facsimile:   213 • 894 • 1301
E-mail:      lado.legal@eeoc.gov
             anna.park@eeoc.gov

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION


**HUNTON & WILLIAMS LLP**
Kevin J. White, D.C. Bar No. 998809
(application for admission *pro hac vice* forthcoming)
E-mail:      kwhite@hunton.com
2200 Pennsylvania Ave NW
Washington, DC  20037
Telephone:  202 • 955 • 1500
Facsimile:   202 • 778 • 2201

Attorneys for Defendants
Lowe's Companies, Inc. and
Lowe's Home Centers, LLC

[Additional Counsel Listed on Following Page]

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>       Plaintiff,<br><br>   v.<br><br>LOWE'S COMPANIES, INC. and LOWE'S HOME CENTERS, LLC.<br><br>      Defendants. | CASE NO.:  2:16-CV-03041-AB (FFMx)<br><br>~~[PROPOSED]~~ **CONSENT DECREE AND ORDER** |

1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**HUNTON & WILLIAMS LLP**
Matthew I. Bobb Cal. Bar No. 253308
E-mail:  mbobb@hunton.com
550 South Hope Street, Suite 2000
Los Angeles, California 90071
Telephone:  213 • 532 • 2000
Facsimile:   213 • 532 • 2020

Attorneys for Defendants
Lowe's Companies, Inc. and
Lowe's Home Centers, LLC.

## INTRODUCTION

Plaintiff U.S. Equal Employment Opportunity Commission (the "EEOC") and Defendants Lowe's Companies, Inc. and Lowe's Home Centers, LLC (hereinafter collectively referred to as "Defendants") hereby stipulate and agree to entry of this Consent Decree ("Decree") to resolve the following as to all employees who have claims within the scope of the following Complaint and Charges:

A.     The EEOC has conducted an investigation of charges brought by Leslie A. Tanimoto (EEOC Charge of Discrimination No. 486-2007-00331), David Shaw (EEOC Charge of Discrimination No. 520-2009-00075), and Gary White (EEOC Charge of Discrimination No.  846-2009-18121) ("Charging Parties"), three former employees of Lowe's HIW, Inc. and Lowe's Home Centers Inc., subsidiaries of Lowe's Companies, Inc. and predecessors to Lowe's Home Centers, LLC (collectively, "Lowe's"), under Title I of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112.  The Charging Parties have alleged that Lowe's violated the ADA by terminating them and a class of employees whose medical leave of absence exceeded Lowe's 180-day (and, subsequently, 240-day) maximum leave policy.  The Parties desire to resolve these charges.  The Charging Parties, the EEOC, and Lowe's do hereby resolve this matter as follows:

B.     The EEOC Charge of Discrimination No. 486-2007-00331 (Tanimoto/Lowe's HIW, Inc.) filed on June 13, 2007, alleging that Lowe's HIW, Inc. refused to provide Tanimoto with a reasonable accommodation in the form of an

extended medical leave of absence and terminated her employment in violation of the ADA.

C.     The EEOC Charge of Discrimination No. 520-2009-00075 (David Shaw/Lowe's Home Centers, Inc.) filed on October 27, 2008, alleging that Lowe's Home Centers, Inc. refused to provide Shaw with a reasonable accommodation in the form of an extended medical leave of absence and terminated his employment in violation of the ADA.

D.     The EEOC Charge of Discrimination No. 846-2009-18121 (Gary White/Lowe's Home Centers, Inc.) filed on March 25, 2010, alleging that Lowe's Home Centers, Inc. refused to provide White with a reasonable accommodation in the form of an extended medical leave of absence and terminated his employment in violation of the ADA.

E.     Defendants deny all allegations set forth in or within the reasonable scope of Charging Parties' charges of discrimination and this Lawsuit.  Nothing in the Decree shall be construed as an admission by Defendants.

## I.

## PURPOSES OF THE DECREE

A.     The Parties to this Decree are the EEOC and Defendants.  This Decree shall be binding on and enforceable against Defendants and their respective officers, directors, agents, successors and assigns.

B.     The Parties have entered into this Decree for the following purposes:

    1.     To provide appropriate monetary and injunctive relief;

    2.     To resolve completely and fully all claims EEOC and Charging Parties may have in this matter and in Charging Parties' charges of discrimination;

    3.     To ensure employment practices in compliance with federal law;

    4.     To ensure a workplace free from retaliation;

5.      To maintain policies, procedures, and practices regarding reasonable accommodation to disabled individuals who are on a medical leave of absence and who would be able to return to work if provided an additional leave of absence;

6.      To ensure training of personnel regarding the ADA/ADAA; and

7.      To ensure effective record-keeping procedures.

C.      The scope of this Decree is to apply to Defendants' facilities nationwide unless otherwise indicated in this Decree.

## II.

## **RELEASE OF CLAIMS**

A.      This Decree fully and completely resolves all issues, claims, and allegations against Defendants that are set forth in or are within the reasonable scope of this Lawsuit, and EEOC Charges of Discrimination Nos. 486-2007-00331, 520-2009-00075 and 846-2009-18121, and the EEOC will not bring or litigate such issues, claims or allegations nationwide.

B.      Nothing in this Decree shall be construed to preclude any Party from bringing suit to enforce this Decree in the event that any Party hereto fails to perform the promises and representations contained herein.

C.      Nothing in this Decree shall be construed to limit or reduce Defendants' obligation to comply fully with the ADA/ADAAA or any other federal employment statute.

D.      This Decree in no way affects the EEOC's right to bring, process, investigate, or litigate other charges outside the scope of this Decree that may be in existence or may later arise against Defendants in accordance with standard EEOC procedures.

### III.

### JURISDICTION

A.      The Court has jurisdiction over the parties and the subject matter of this Lawsuit, which arises from EEOC Charges of Discrimination Nos. 486-2007-00331, 520-2009-00075 and 846-2009-18121.  The Lawsuit asserts claims that, if proven, would authorize the Court to grant the equitable relief set forth in this Decree.

B.      The terms and provisions of this Decree are fair, reasonable, and just.

C.      This Decree conforms with the Federal Rules of Civil Procedure and the ADA/ADAAA and is not in derogation of the rights or privileges of any person.

D.      The Court shall retain jurisdiction of the Lawsuit during the duration of the Decree for the purposes of entering any order, judgment, or decree that may be necessary to implement the relief provided herein.

### IV.

### EFFECTIVE DATE AND DURATION OF DECREE

A.      The provisions and agreements contained herein are effective immediately upon the date which this Decree is entered by the Court ("the Effective Date").

B.      Except as otherwise provided herein, this Decree shall remain in effect for four (4) years after the Effective Date.

### V.

### MODIFICATION AND SEVERABILITY

A.      This Decree constitutes the complete understanding of the Parties with respect to the matters contained herein.

B.      By mutual agreement of the Parties, this Decree may be amended or modified in the interests of justice and fairness in order to effectuate the provisions of the Decree.  No waiver, modification, or amendment of any provision of this Decree

will be effective unless made in writing and signed by an authorized representative of each of the Parties.

C.     If one or more of the provisions of the Decree are rendered unlawful or unenforceable, the Parties shall make good faith efforts to agree upon appropriate amendments to this Decree in order to effectuate the purposes of the Decree.  In any event, the remaining provisions will remain in full force and effect unless the purposes of the Decree cannot, despite the Parties' best efforts, be achieved.

## VI.

## COMPLIANCE AND RESOLUTION

A.     The Parties expressly agree that if the EEOC has reason to believe that Defendants have failed to comply with any provision of this Decree, the EEOC may bring an action before this Court to enforce the Decree.  Prior to initiating such action, the EEOC will notify Defendants and their legal counsel of record, in writing, of the nature of the dispute.  This notice shall specify the particular provision(s) that the EEOC believes Defendants have breached.  Upon receipt, Defendants shall acknowledge, in writing, receipt of the notice.  Defendants shall have sixty (60) days from the date it acknowledges receipt of the notice to attempt to resolve or cure the breach, however, the Parties can agree to extend this period upon mutual consent.

B.     The Parties agree to cooperate with each other and use their best efforts to resolve any dispute referenced in the EEOC notice.

C.     After sixty (60) days have passed with no resolution or agreement to extend the time further, the EEOC may petition this Court for resolution of the dispute, seeking all available relief deemed appropriate by the Court, including an extension of the term of the Decree for such period of time as Defendants or their successors are shown to be in breach of the Decree.

# VII.

## MONETARY RELIEF

A.  Monetary Relief – Class Fund and Payments to Charging Parties

In settlement of this Lawsuit and EEOC Charges of Discrimination Nos. 486-2007-00331, 520-2009-00075 and 846-2009-18121, Defendants shall pay the gross sum of Eight Million Six Hundred Thousand Dollars ($8,600,000) ("Gross Sum"). The Gross Sum is inclusive of all monetary relief to be paid to the three Charging Parties and a "Class Fund" representing back pay and other monetary relief, as defined and specified below, to be paid to Eligible Claimants, as defined below.  EEOC has full and complete discretion under the terms of this Decree to determine the amounts of any payments to be distributed from the Class Fund to an Eligible Claimant and the characterization of such payments as income, wages or otherwise, as hereinafter described in this Decree.  The EEOC defines an Eligible Claimant to take from the Class Fund if he/she was subjected to the maximum leave policy at issue in violation of the ADA and/or the ADAAA and was a disabled individual, associated with someone with a disability, had a record of a disability, and/or was regarded as being disabled.  The EEOC has sole discretion to determine who is an Eligible Claimant.

B.  Monetary Relief – Charging Parties Tanimoto, Shaw and White

1.  In settlement of Charging Party Leslie Tanimoto's claims in Charge No. 486-2007-00331, Defendants shall pay to her such portion of the Gross Sum as designated by the EEOC.

2.  In settlement of Charging Party David Shaw's claims in Charge No. 520-2009-00075, Defendants shall pay to him such portion of the Gross Sum as designated by the EEOC.

3.  In settlement of Charging Party Gary White's claims in Charge No. 846-2009-18121, Defendants shall pay to him such portion of the Gross Sum as designated by the EEOC.

4.  EEOC shall provide Defendants a Distribution List designating payment amounts to Tanimoto, White, and Shaw.  Within ten (10) days of receiving the EEOC's Distribution list and funding the Class Fund, Defendants or their claims administrator shall forward, via first class mail, checks from the Class Fund in the amounts designated in the EEOC's Distribution List, less applicable withholdings, to the Charging Parties.  Within three (3) business days of mailing the aforementioned payments, Defendants or their claims administrator shall submit a copy of the checks and any related correspondence to Anna Y. Park, Regional Attorney, U.S. Equal Employment Opportunity Commission, 255 East Temple Street, 4th Floor, Los Angeles, California 90012.  Payments to Tanimoto, Shaw, and White will be paid to each in two checks: (a) a non-wage compensation check will be issued for damages in the form of emotional pain and suffering, and for this payment Defendants or their claims administrator, in the ordinary course, shall prepare and distribute 1099 tax reporting forms to Tanimoto, Shaw, and White, if required by law, and shall make any appropriate reports to the Internal Revenue Service and other tax authorities; and (b) a wage payment, which payment will be treated as wages, subject to deductions for federal and state withholding taxes and other deductions Defendants or their claims administrator are required by law to make.  Defendants shall pay the employer's portion of all deductions required by law, including but not limited to FICA and FUTA taxes, and such amounts shall not be deducted from payment of the monetary settlement amounts of Tanimoto, Shaw, or White.  Defendants or their claims administrator, in the ordinary course, shall prepare and distribute W-2 forms to Tanimoto, Shaw, and White.  To the extent checks need to be reissued, EEOC will notify Defendants or their claims administrator.  The EEOC will inform the Defendants of the allocation for wage and non-wage compensation for Tanimoto, Shaw, and White.

C.   <u>Monetary Relief – Class Fund</u>

In settlement of the class-based claims in (1) this Lawsuit and (2) EEOC Charges of Discrimination Nos. 486-2007-00331, 520-2009-00075 and 846-2009-18121 collectively, Defendants shall establish a qualified settlement fund (the "Class Fund") in the amount of Eight Million Six Hundred Thousand Dollars ($8,600,000). Within fifteen (15) days of the Effective Date, Defendants shall deposit the Class Fund amount in a segregated interest bearing account from which all payments for class-based claims will be made.  Defendants or their claims administrator shall make required payments to Charging Parties from the Class Fund.  Any interest earned at the rate available to Defendants when the account is established will be maintained in the account and disbursed to the class as designated by EEOC or distributed to the agreed-upon charity as detailed below.  A report of the amount of interest prior to the final distribution shall be given to the EEOC to ensure distribution of the entire Class Fund.

Acceptance of any monies by Eligible Claimants and the Charging Parties in no way impact or disqualify them from seeking employment with Defendants and any of their subsidiaries in the future.

D.   <u>Claims Notice Process</u>

1.   Defendants or their claims administrator shall provide notice as follows to any former employee of Defendants who was terminated at any time between January 1, 2004 and May 13, 2010, after having taken the maximum amount of leave then available under Defendants' leave of absence policies ("Potential Claimants") or to the extent such Potential Claimants are identified by the EEOC.

a.   Within sixty (60) days of the Effective Date, the Defendants or their claims administrator shall

i.   determine the validity of each such Potential Claimant's most-recent address utilizing the National Change of Address Database,

ii.      send to each such Potential Claimant, via first class mail, a Notice Letter, attached as Exhibit A, 1) notifying the Potential Claimant of his or her ability to file a claim for monetary relief, 2) providing the Potential Claimant with instructions on how to file a claim on-line with the claims administrator, 3) providing the Potential Claimant with the opportunity to seek assistance in completing the on-line claim, 4) enclosing a claim form or forms, attached as Exhibit B, and 5) providing contact information for the EEOC,

iii.      provide to the EEOC certification that the Defendants or their claims administrator mailed a Notice Letter to each such Potential Claimant, and

iv.      instruct the USPS to notify Defendants or their claims administrator of any undeliverable Notice Letters. Any such Potential Claimant whose original Notice Letter is not returned undeliverable shall have ninety (90) days from the date the Defendants or their claims administrator mailed an unreturned Notice Letter to submit a claim form.

b.      Within thirty (30) days of any Notice Letter being returned to sender as undeliverable, Defendants or their claims administrator shall

i.      research such Potential Claimant's most-recent address and further use its best efforts, including a search of a database such as Accurint, to locate such Potential Claimant,

ii.      if Defendants or their claims administrator find a more-recent address for such Potential Claimant, mail the Notice Letter to such Potential Claimant at the more-recent address, and

iii.      if Defendants or their claims administrator fail to find a more recent address for any such Potential Claimant(s), Defendants or their claims administrator shall in thirty (30) day intervals following the mailing of the first group

of Notice Letters, provide to the EEOC certification outlining efforts to locate such Potential Claimant(s).

Any such Potential Claimant whose original Notice Letter was returned undeliverable shall have ninety (90) days from the date of the re-mailing to submit a claim form. Any such Potential Claimant whose original Notice Letter is returned undeliverable and for whom Defendants or their claims administrator cannot find a more-recent address within ninety (90) days of the Notice Letter being returned to sender as undeliverable shall not be entitled to collect from the Class Fund, unless the EEOC exercises reasonable discretion to determine otherwise.  Any such Potential Claimant whose second, re-mailed Notice Letter is returned undeliverable shall not be entitled to collect from the Class Fund, unless the EEOC exercises reasonable discretion to determine otherwise.  At thirty (30) day intervals after mailing of the first group of second, re-mailed Notice Letters, Defendants or their claims administrator shall forward to EEOC either any second, re-mailed Notice Letter that has been returned undeliverable or a list identifying any Potential Claimant whose second, re-mailed Notice Letter was returned undeliverable.  Any Potential Claimant whose original Notice Letter or re-mailed Notice Letter is returned undeliverable more than one hundred twenty (120) days after mailing shall not be entitled to collect from the Class Fund, unless the EEOC exercises reasonable discretion to determine otherwise.

E.   Claims Distribution Process

1.   At thirty (30) day intervals after mailing the first group of Notice Letters, Defendants or their claims administrator shall forward to the EEOC any submitted or entered Claim Form received from any Potential Claimant.  The claims administrator shall provide Defendants and the EEOC electronic access to the claims filed on-line.  Defendants shall ensure that the claims administrator has access to the EEOC and that the claims administrator works with the EEOC to identify qualifying

Eligible Claimants in accordance with the EEOC's criteria.  The EEOC shall have sole discretion to determine who is an Eligible Claimant.

2.  The EEOC shall have the sole discretion to designate the amount of the Class Fund to be distributed to each Eligible Claimant

3.  Within one hundred twenty (120) days of the final re-mailing required in VII.D.1.b. above, the EEOC shall issue a Distribution List to Defendants and the claims administrator.  Within sixty (60) days of receipt of the EEOC's Distribution List, Defendants or their claims administrator shall forward via first class mail to each Eligible Claimant payments for a gross amount equal to the full amount set forth in the Distribution List, as described below.  Each check will state the following: "By accepting this check, you release any claim you may have that Lowe's violated the Americans with Disabilities Act by terminating you because your medical leave exceeded its maximum leave policy, and waive your right to sue Lowe's on such a claim."   Each check will remain valid for 90 days.  To the extent checks need to be reissued, EEOC will notify Defendant or its claims administrator.

a.  For any Eligible Claimant EEOC designates as receiving an amount for damages only in the form of emotional pain and suffering, as opposed to damages for emotional pain and suffering in addition to damages for lost wages, Defendants or their claims administrator shall mail a non-wage compensation check which will be one-hundred percent (100%) of the distribution amount.  Defendants or their claims administrator shall prepare and distribute a 1099 tax reporting form to each such Eligible Claimant, if required by law, and shall make any appropriate reports to the Internal Revenue Service and other tax authorities.  Within three (3) business days of mailing the aforementioned payments, Defendants or their claims administrator shall submit a report regarding the mailing of the checks to Anna Y. Park, Regional Attorney, U.S. Equal Employment Opportunity Commission, 255 East Temple Street, 4th Floor, Los Angeles, California 90012.  The report shall show the

amount of the check, the date the check was mailed, the person to whom the check was mailed, and the address to which the check was mailed.

b.　　　For any Eligible Claimant EEOC designates as receiving an amount for damages both in the form of emotional pain and suffering and in the form of lost wages, Defendants or their claims administrator shall mail two checks for a gross amount equal to the full amount set forth in the Distribution List.  The two checks will include one check for non-wage compensation for damages in the form of emotional pain and suffering, and one check for wage compensation for damages in the form of lost wages.  The non-wage check will be ninety percent (90%) of the distribution amount, and for this payment Defendants or their claims administrator shall prepare and distribute a 1099 tax reporting form to each claimant, if required by law, and shall make any appropriate reports to the Internal Revenue Service and other tax authorities.  The wage check will be ten percent (10%) of the distribution amount, which payment will be treated as wages, subject to deductions for federal and state withholding taxes and other deductions Defendants or their claims administrator are required by law to make.  For each wage check, Defendants or their claims administrator shall (a) pay the employer's portion of all deductions required by law, including but not limited to FICA and FUTA taxes, and such amounts shall not be deducted from wage payments to the claimants and (b) prepare and distribute a W-2 form to each claimant in the ordinary course.   Within three (3) business days of mailing the aforementioned payments, Defendants or their claims administrator shall submit a report regarding the mailing of the checks to Anna Y. Park, Regional Attorney, U.S. Equal Employment Opportunity Commission, 255 East Temple Street, 4th Floor, Los Angeles, California 90012.  The report shall show the amount of the check, the date the check was mailed, the person to whom the check was mailed, and the address to which the check was mailed.  To the extent checks need to be reissued, EEOC will notify Defendant or its claims administrator.

4.      At least every sixty (60) days after Defendants or their claim administrator issue checks pursuant to the Distribution List, Defendants or their claims administrator shall provide the EEOC with a report listing cancelled checks, and identifying any check not negotiated and/or returned non-negotiated to Defendants or their claim administrator, to enable the Parties to track remaining settlement funds for redistribution.

5.      The EEOC may subsequently issue additional Distribution Lists, as necessitated by further notice from Defendants or their claim administrator that any check issued to a Claimant was not negotiated within ninety (90) days after issuance and/or was returned non-negotiated to Defendants or their claims administrator.  The EEOC shall make reasonable and good faith effort to provide a Distribution List no later than twelve months after the Effective Date, which shall be denoted as the "Final Distribution List" and shall include, in addition to any additional Eligible Claimants to be paid, any additional amounts to be remitted to Eligible Claimants previously paid.  No further Distribution Lists shall be issued by the EEOC after the Final Distribution List is provided to Defendants or their claims administrator. Within sixty (60) days of receipt of the EEOC's Final Distribution List, Defendant or its claims administrator shall forward via first class mail to each Eligible Claimant payments for a gross amount equal to the full amount set forth in the Distribution List.  Within three (3) business days of mailing the aforementioned payments, Defendants or their claims administrator shall submit a report regarding the mailing of the checks to Anna Y. Park, Regional Attorney, U.S. Equal Employment Opportunity Commission, 255 East Temple Street, 4th Floor, Los Angeles, California 90012.  The report shall show the amount of the check, the date the check was mailed, the person to whom the check was mailed, and the address to which the check was mailed.

6.      Defendants or their claims administrator will notify the EEOC of any funds remaining in the Class Fund at least 60 days before the expiration of the Decree.  Within thirty (30) days of the latest date on which a check sent to a Claimant becomes void, money in the Class Fund that remains undistributed shall be donated to a charity that promotes equal opportunities for people with disabilities that is approved by the EEOC.

F.      Extending Deadline to Return Claims Forms for Good Cause

For good cause, the EEOC may grant an exemption of any above-cited deadline to return a claims form, provided however that Defendants have no obligation to pay any money from the Class Fund to an Eligible Claimant or Potential Claimant after the date this Decree expires.

## VIII.

## GENERAL INJUNCTIVE RELIEF

A.      Disability Discrimination

Defendants, their officers, agents, management (including all supervisory employees), successors, assigns, and all those in participation with them, or any of them, are hereby enjoined not to discriminate against any individual in the terms and conditions of employment on the basis of disability.

B.      Unlawful Maximum Leave Policies

Defendants, their officers, agents, management (including all supervisory employees), successors, assigns, and all those in participation with them, or any of them, are hereby enjoined to ensure that they engage in the interactive process with any employee with a disability who requests leave as a reasonable accommodation.

C.      Retaliation

Defendants, their officers, agents, management (including all supervisory employees), successors, assigns and all those in participation with them, or any of them, are hereby enjoined not to engage in, implement or permit any action, policy, procedure, or

practice with the purpose of retaliating against any current or former employee or applicant of Defendants or their successors, or either of them, because he or she has in the past, or during the term of this Decree, (a) opposed any practice made unlawful under the ADA/ADAAA; (b) filed a charge of discrimination alleging such practice; (c) testified or participated in any manner in any investigation (including, without limitation, any internal investigation undertaken by Defendants or their successors) or proceeding in connection with this Lawsuit or Charging Parties' charges; (d) was identified as a possible witness or claimant in this Lawsuit or Charging Parties' charges; (e) asserted any rights under this Decree; or (f) sought and/or received any relief in accordance with this Decree.

## IX.

## <u>SPECIFIC INJUNCTIVE RELIEF</u>

    A.    <u>Equal Employment Opportunity Consultant</u>

        1.    Defendants have retained Equal Employment Opportunity Consultants ("Consultants") that have been approved by the EEOC to assist Defendants' with revisions to their leave of absence policies and compliance with the ADA/ADAAA. The Consultants have demonstrated experience in the area of employment discrimination and the ADA/ADAAA. Defendants shall ensure that the Consultants continue to have access to documents and individuals necessary in meeting their obligations under the Decree.

        2.    The Consultants' responsibilities shall include the following.

        a.    The Consultants will review policies for compliance with the ADA.  Specifically, the Consultants will work with Defendants concerning employee requests for extended medical leaves of absence or other forms of reasonable accommodation related to a return to duty following a medical leave of absence, so that the policies continue to conform with the ADA/ADAAA,

employment discrimination laws and the provisions of this Decree. Consultants shall also review any Attendance Policies to for compliance with the ADA/ADAAA.

        b.    The Consultants will advise Defendants concerning effective training for Defendants' employees, including training to ensure that all employees understand that a supervisor cannot discipline, suspend, or terminate an employee for complaining about disability discrimination, and that they understand how to file a complaint of disability discrimination or ADA retaliation.

        c.    The Consultants will advise Defendants concerning effective training for Defendants' supervisory employees and human resources staff, including training to ensure Defendants' supervisors and human resources staff understand the responsibility for engaging in an interactive process in connection with end of leave or employees returning to duty after being on a leave of absence; understand that a supervisor cannot discipline an employee for filing a complaint relating to the failure to engage in the appropriate interactive process regarding potential reasonable accommodations; understand the procedures for responding to a complaint of disability discrimination or ADA retaliation; and understand the distinction between requirements of the ADA/ADAAA and the Family and Medical Leave Act.

        d.    The Consultants will ensure that Defendants create a centralized system of tracking requests for accommodation.

        e.    Annually through the term of the Decree, Defendants shall provide to Consultants a summary regarding accommodation requests (including requests for leave as an accommodation), the interactive process, accommodation decisions, and any complaints of disability discrimination or retaliation.

        f.    Annually through the term of the Decree, Consultants will prepare a report to the EEOC regarding the matters addressed in Paragraph 2.a. through 2.e.

g.      Defendants shall bear all costs associated with the selection and retention of the Consultants and the performance of his duties.  Defendants will cooperate with Consultants to provide the information they reasonably need to discharge their duties under this Decree.

B.      Policies and Procedures

1.      Defendants shall maintain ADA/ADAAA policies and procedures that require Defendants to engage in the interactive process with disabled individuals who seek a medical leave of absence in excess of the amount of leave ordinarily provided to Defendants' employees, or who seek other forms of reasonable accommodation in connection with a return to duty from a medical leave of absence (the "Policies and Procedures").

2.      Defendants shall ensure that their Attendance Policies also conform with the ADA/ADAAA.

3.      The Policies and Procedures shall include the following:

a.      a clear explanation of prohibited conduct, including a failure to engage in the interactive process with disabled individuals who seek a medical leave of absence in excess of the amount of leave ordinarily provided to Defendants' employees, or who seek other forms of reasonable accommodation in connection with a return from a medical leave of absence;

b.      a clear explanation of employee rights and company policies with regard to leave requests and distinguishing clearly rights and obligations under the ADA/ADAAA which is separate and distinct from the Family Medical Leave Act;

c.      a clear explanation of employee rights and company policies with regard to employee leave including the availability of additional leave as a reasonable accommodation under the ADA/ADAAA, and continued application of the Defendants' policies regarding Defendants' responsibility to engage in the interactive process in connection with the end of a medical leave of absence;

d.      a clear explanation of procedures for providing effective reasonable accommodations to disabled individuals who seek a medical leave of absence in excess of the amount of leave ordinarily provided to Defendants' employees, or who seek other forms of reasonable accommodation in connection with a return to duty from a medical leave of absence, including accommodations concerning non-essential functions of the job such as training, job modification, and access to company facilities;

e.      a clear explanation of the duties of supervisory and human resources employees in administering a timely interactive process and effective reasonable accommodations in connection with requests for additional medical leave of absence or other reasonable accommodations relating to a return to duty after a medical leave of absence; clear, step-by-step instructions and checklists outlining the interactive process and contact information for the personnel he/she can contact with questions, and an employee handout with a clear, step-by-step guide to the interactive process so the employee understands what is expected of him/her and what is required of Defendants during the process;

f.      a clear explanation of the duties of supervisory and human resources employees in conducting a follow-up meeting with the applicant or employee to evaluate the continued effectiveness of any accommodation provided and to discuss whether further engagement in the interactive process if necessary;

g.      notice that anyone who makes a complaint of disability discrimination or provides information related to such complaints are protected against retaliation; and

h.      notice that Defendants will take prompt and appropriate corrective action when it determines that disability discrimination and/or ADA retaliation occurred.

4.      Within ninety (90) days of the Effective Date of this Decree, Defendants shall provide to the EEOC a copy of the Policies and Procedures.  Within one hundred twenty (120) days of the Effective Date, Defendants shall ensure that it has distributed the Policies and Procedures to all employees, including management employees.  Within one hundred twenty (120) days of the Effective Date, Defendants shall submit to the EEOC a statement confirming the distribution of the Policies and Procedures.  Policies and Procedures shall be distributed annually through the term of the Decree.

5.      Within thirty (30) days of the hire date of any person hired after the initial distribution but within the term of the Decree, Defendants shall ensure that it has distributed the Policies and Procedures to that person.

C.      Posting of Notice of Consent Decree and Settlement

Within sixty (60) days of the Effective Date, Defendants shall ensure that it has posted the Notice of Consent Decree and Settlement (attached to this Decree as Exhibit C) in a conspicuous place accessible to all employees.  Within sixty (60) days of the Effective Date, Defendant shall submit to the EEOC a statement confirming the posting of the Notice of Consent Decree and Settlement.  The Notice of Consent Decree and Settlement shall be posted in a conspicuous place accessible to all employees.

D.      Training

1.      In consultation with the Consultants, Defendants shall continue to conduct employee trainings concerning the Policies and Procedures.  However, the training can be conducted by a trainer of Defendants' choosing.  The trainer shall submit training materials to the Consultants for review prior to the implementation of training under the terms of this Decree.

2.      Defendants will continue to provide training to each non-supervisory employee.  The training shall cover the following:

        a.     the rule and purpose of the ADA/ADAAA;

        b.     employee rights, including examples of qualifying disabilities and accommodations; and

        c.     Defendants' accommodation request process, including how to notify Defendants of an accommodation request or potential need for an accommodation in connection with either a request for an extended medical leave of absence or requests for reasonable accommodation in connection with a return to duty after the conclusion of a medical leave of absence.

Within sixty (60) days of the hire date of any employee hired after any such training described above but within the term of the Decree, Defendants shall provide the required training in live, recorded or on-line format.

        3.     Defendants shall continue to provide live, recorded or on-line training to each manager or supervisor.  Each training should have an interactive component.  The training shall cover the following:

        a.     each attendee's obligations under the ADA/ADAAA, including how to recognize an accommodation request or a potential need for an accommodation, how to respond to a request for accommodation or leave, how to engage in the interactive process, and how to respond to a complaint of disability discrimination;

        b.     each trainee's obligations in complying with federal laws regarding employment discrimination on the basis of disability and retaliation, including the distinction between the requirements of the ADA/ADAAA and the Family and Medical Leave Act; and

        c.     the interactive process as a means of exploring potential reasonable accommodations.

Within six months of the hire date of any manager or supervisor hired after any such training described above but within the term of the Decree, Defendants shall provide the required training in either live, recorded or on-line format with an interactive component.

4. Within one hundred twenty (120) days of the Effective Date and annually thereafter through the term of the Decree, Defendants shall provide live, recorded or on-line training of at least one-hour duration to human resources and compliance staff members who are responsible for determining whether additional leave is a reasonable accommodation and who have not previously received such training within the past 18 months. The training shall cover the following:

a. each trainee's obligations under the Policy, including how to respond to a complaint of discrimination, how to engage in the interactive process, and how to investigate a complaint of discrimination;

b. each trainee's obligations in complying with federal laws regarding employment discrimination on the basis of disability and retaliation, including the distinction between the requirements of the ADA/ADAAA and the Family and Medical Leave Act; and

c. each trainee's particular role in implementing an accommodation and monitoring its effectiveness.

Within six months of the hire date of any human resources/compliance staff member hired after any such training described above but within the term of the Decree, Defendants shall provide the required training in either live or recorded format.

5. Any persons required to attend any training under this Decree shall verify their attendance. Annually through the term of the Decree, Defendants shall produce to the EEOC documents verifying the occurrence of all training sessions required under this Decree, including the written training materials used, a

description of the training provided, and a statement verifying attendance at each training session as required in paragraph F.2..

E.   Record Keeping

      1.   For each accommodation request Defendants receive from an employee, Defendants shall maintain records showing the following information:

            a.   person making the request;

            b.   date of the request;

            c.   physical or mental impairment;

            d.   accommodation(s) requested, if any;

            e.   any person to whom the request for accommodation was made;

            f.   any person involved in the interactive process;

            g.   any person involved in the decision-making process regarding the request for accommodation;

            h.   any records or documents made or reviewed in the course of engaging in the interactive process; and

            i.   any accommodation provided, if any, and reason for the decision.

      2.   In the event that there are any subsequent requests to modify an accommodation or to implement a different accommodation, Defendants shall maintain records showing all of the information in Paragraph E.1. above with respect to any such request with the relevant date of the request.

      3.   Defendants shall maintain an Accommodations Log showing successful and unsuccessful attempts to accommodate employees who have been on a leave of absence due to medical reasons.  The log must contain (1) the name of the person making the request; (2) the date of the request; (3) accommodation requested;

(4) for successful accommodation requests, the accommodation provided; and (5) for unsuccessful requests, the reason the employee could not be accommodated.

4.      Defendants shall make the records referred to in Paragraph E.1 available for inspection and copying within ten (10) business days after the EEOC so requests.  If the EEOC's request requires more than ten (10) business days for Defendants to comply, the Parties shall meet and confer regarding the request.

5.      Defendants shall maintain all records required by this Decree and retain them throughout the term of the Decree.

F.      <u>Reporting</u>

Defendants shall provide the following reports annually throughout the term of the Decree:

1.      a statement verifying that all training sessions required under this Decree during the previous twelve (12) months occurred from the Effective Date;

2.      a statement verifying that all employees required to attend a training session under this Decree during the previous twelve (12) months received the required training from the Effective Date;

3.      a statement verifying that all employees required to receive the Policies and Procedures during the previous twelve (12) months received the Policies and Procedures from the Effective Date;

4.      a copy of the Accommodations Log;

5.      a summary of the procedures and record-keeping methods developed for centralized tracking of discrimination complaints and the monitoring of such complaints;

6.      a summary report of investigation into any complaint about disability discrimination, disability harassment, and/or retaliation for complaining about disability discrimination and/or disability harassment.  The investigation report shall include the following for each complaint during the reporting period:

a.      the name, and title of the complaining party(ies) and alleged discriminating individual(s);

b.      the date of the complaint;

c.      the name and title of the person(s) who conducted the investigation into the complaint;

d.      the nature of the complaint;

e.      the date of the commencement and  completion of the investigation;

f.      the outcome of the investigation and any action taken; and whether previous disability discrimination and/or harassment complaints had been made regarding the alleged harasser(s).  If so, the report should also include the outcome of the prior investigations.

All reports under this Paragraph shall be directed to:  U.S. Equal Employment Opportunity Commission, Attn. Regional Attorney, 255 E. Temple Street, 4th Floor, Los Angeles, CA 90012.

Within thirty (30) days of receipt of Defendant's Report, the EEOC may request in writing additional information regarding the Report.  Within thirty (30) days of the receipt of the EEOC's request for additional information and/or the investigative file(s), Defendants are to respond to the EEOC's request for information.

## X.

## MISCELLANEOUS PROVISIONS

A.      During the term of this Decree, Defendants shall provide any potential successor-in-interest with a copy of this Decree within a reasonable time of not less than thirty (30) days prior to the execution of any agreement for acquisition or assumption of control of all of Defendants' facilities.

B.      Unless otherwise stated, all notices, reports and correspondence required under this Decree shall be delivered to the attention of Anna Y. Park, Regional Attorney, U.S. Equal Employment Opportunity Commission, 255 East Temple Street,

4th Floor, Los Angeles, California, 90012; facsimile number (213) 894-1301; email address ANNA.PARK @EEOC.GOV.

C.     This Decree may be signed in counterparts.  Facsimile signature shall have the same force and effect of an original signature or copy thereof.

## XI.

## COSTS AND ATTORNEYS' FEES

Each Party shall bear its own costs of suit and attorneys' fees.  Defendants shall bear all costs associated with implementing this Decree including the hiring of the Consultants and the claims administration process.

The Parties agree to entry of this Decree and judgment subject to final approval by the Court.  All Parties, through the undersigned, respectfully apply for and consent to the entry of this Consent Decree as an Order of this Court.

Respectfully Submitted,

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

Date:  __5/4/16                     By:     /s/ Anna Y. Park
                                            Anna Y. Park
                                            Attorneys for Plaintiff EEOC

HUNTON & WILLIAMS LLP

Date:  _5/4/16                      By:   /s/ Kevin J. White
                                          Kevin J. White
                                          Matthew I. Bobb
                                          Attorneys for Defendants
                                          LOWE'S COMPANIES, INC.
                                          LOWE'S HOME CENTERS, LLC.

I, Anna Y. Park, attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized its filing.

1

# [~~PROPOSED~~] ORDER

2

3 **GOOD CAUSE APPEARING:**

4 The Court hereby finds that compliance with all provisions of the foregoing Decree is

5 fair and adequate.  The Court hereby retains jurisdiction for the term of the foregoing

6 Consent Decree, and the provisions thereof are hereby approved.

7 **IT IS SO ORDERED.**

8

9

10 DATED: **May 12, 2016**    _____

11 **HONORABLE ANDRÉ BIROTTE JR.**
**U.S. DISTRICT COURT JUDGE**

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28